UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SIMMONS, JR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-873** |
| **CORNEL JACKSON, et al.,** | **SECTION "D" (3)** |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss or Alternatively Motion for Summary Judgement filed by Defendant, Paul D. Connick, Jr. (Rec. Doc. No. 11). Also before the Court is a Motion to Dismiss, or in the Alternative, For More Definite Statement filed by Defendants, Parish of Jefferson (erroneously named "Parish of Jefferson Risk Management Department") and Cornell Jackson ("Jackson")(Rec. Doc. No. 16). The motions were submitted on September 9, 2020 and September 23, 2020, respectively. The motions and underlying matter were referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e) as applicable. Plaintiff, Joseph Simmons, Jr. ("Simmons" or "Plaintiff"), has filed no opposition to either motion in accordance with the local rules of this Court. Having reviewed the motions and the case law, the undersigned recommends that the motions be granted as unopposed.[1]

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On March 26, 2020, Plaintiff, Joseph Simmons, Jr., filed a *pro se* and *informa pauperis* Complaint against the Parish of Jefferson, Jackson, and Paul D. Connick, Jr. in his capacity as Jefferson Parish District Attorney. (Rec. Doc Nos. 1, 5). In support of his request for relief herein, Simmons provides the following:

---

[1] In light of the Court's findings regarding Simmons' failure to state a claim pursuant to § 1915(e) and 12(b)(6), the Court need not and does not reach the alternative arguments submitted by the defendants pursuant to Rule 56 or Rule 12(e).

1

> STATEMENT OF CLAIM Parish of Jefferson Risk Management Department is Insurance Agency; responsible for investigation of all incidents/accidents associated with Parish of Jefferson. On Nov. 8, 2013; Parish of Jefferson Risk Management Department failed to investigate incident/accident Dated Nov. 08, 2013. District Court 24th Judicial for the Parish of Jefferson, on Nov. 29, 2017 Exhibit (A) reviewed complaint; District Attorney Paul Connick Jr. is a part of Parish Judicial Body. Risk Management Department for Parish of Jefferson third party contract practice, allowed Connick and Connick Law Firm to represent Parish of Jefferson. State Constitution Article V: Judicial Branch Exhibit (B) Paragraph (26) District Attorney (C) Prohibition: No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge. Paul Connick Jr is Parish of Jefferson District Attorney, since 1997 Exhibit (C) Parish of Jefferson Internet Profile Dated 5/14/2019. Paul Connick Jr. is also a member of Connick and Connick Law Firm; Exhibit (D) Louisiana Business Filing list William Connick Member Manager and Paul D. Connick Jr. Member; filing shows 50/50 entity. Business Letter Dated Sept. 8, 2016 Exhibit (E) list Paul D. Connick Jr of Counsel for Law Firm; business response sent by Michael S. Futrell Connick and Connick Law Firm Representative. Cornel Jackson Parish of Jefferson Employee; misrepresented facts of event that caused incident during trial on Nov. 29, 2017 Exhibit (A). Failed investigation of incident by Jefferson Parish Risk Management Department allowed this misrepresentation of incident which Parish employee gave.

In his Complaint, Simmons seeks damages for the loss of a 2013 Ford Flex vehicle as well as damages for physical injuries and loss of income due to an automobile accident which occurred on November 8, 2013 ("2013 Accident"). Plaintiff alleges that the Parish of Jefferson failed to investigate the 2013 Accident and that the "Risk Management Department for Parish of Jefferson…allowed Connick and Connick Law Firm to represent Parish of Jefferson," which Plaintiff proclaims to be in violation of Article V, Section 26(C) of the Louisiana Constitution. (Rec. Doc. No. 1). Plaintiff further alleges that Jackson, as an employee of the Parish of Jefferson, misrepresented certain facts during a trial that took place on November 29, 2017 regarding the incident. According to Plaintiff, the misrepresentations were further supported by the failed investigation of the Jefferson Parish Risk Management Department in violation of the entirety of Chapter 47 of Title 18 of the United States Code.

Defendant, Paul D. Connick, Jr., seeks dismissal on grounds that (1) the Complaint is deficient

under Rule 8(a)(1) and 8(a)(2); (2) Simmons has failed to plead grounds upon which the Court has jurisdiction; and (3) Simmons has failed to plead grounds upon which relief may be granted. (Rec. Doc. No. 11-2).

The Parish of Jefferson and Jackson seek dismissal on grounds that (1) the Parish of Jefferson Risk Management Department is merely a department within the Parish of Jefferson and lacks any procedural capacity to sue or be sued, other than as a component of the Parish of Jefferson and (2) Simmons' alleged damages from the 2013 Accident on the basis that previous judgments denying relief were a result of misrepresentations by Jackson and/or a result of the Parish of Jefferson Risk Management Department's failure to investigate the accident fail to state a claim upon which relief can be granted. (Rec. Doc. 16).

As stated, Plaintiff has filed no opposition to either motion. The Fifth Circuit holds that courts may grant the unopposed motions as long as the motion has merit. *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001). Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

## II. STANDARD OF REVIEW

### A. *In Forma Pauperis*

28 U.S.C. § 1915(e)(2) requires the Court to screen cases brought under Section 1915 and dismiss at any time if it is determined that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See* 18 U.S.C. 1915(e)(2)(B)(i)-(ii). Because Simmons is proceeding *pro se*, he is entitled to liberal construction of his pleadings. At the same time courts have continuously held that ignorance of the law and inadvertent noncompliance are inexcusable even when the plaintiff is proceeding *pro se*. *Cf. McNeil v. United States*, 508 U.S. 106, 114 (1993). The

Court is under no duty to speculate or imagine what the plaintiff's claims may be. *Martin v. United States Post Office,* 752 F.Supp. 213, 218 (N.D. Tex. 1990), *aff'd* 929 F.2d 697 (5th Cir. 1991).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the court determine that the case is frivolous, malicious or fails to state a claim on which relief may be granted *inter alia*. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added). In plain language, Section 1915 requires dismissal if the court is satisfied that the case is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact). The Supreme Court has held that courts may dismiss *in forma pauperis* complaints *sua sponte* and without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118, L.Ed.2d 340 (1992). There exists no absolute right to be allowed to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face. See Startii v. United States,* 415 F.2d 115, 1116 (5th Cir. 1969); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new). The aforementioned Statement of Claim fails to meet the requirements of the statute.

**B. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a

4

claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 at 678. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Lormand*, 565 F.3d at 255-57. The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III.   LAW AND ANALYSIS

#### A.  Motion to Dismiss or Alternatively Motion for Summary Judgment

Defendant, Paul D. Connick, Jr., seeks dismissal on grounds that (1) the Complaint is deficient under FRCP 8(a)(1) and 8(a)(2); (2) Simmons has failed to plead grounds upon which the Court has jurisdiction; and (3) Simmons has failed to plead grounds upon which relief may be granted. (Rec. Doc. No. 11-2). The United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the court must employ less stringent standards while still guided by the *Iqbal* pleading requirements. *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429

5

U.S. 97, 106 (1976)). A plaintiff who brings a claim *pro se* is entitled to a liberal reading of that complaint. *Payton*, 550 F. App'x at 195 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Nevertheless, the liberal *pro se* pleading standard still demands compliance with procedural standards." *Payton*, 550 F. App'x at 195 (citing *Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n. 4 (5th Cir. 1995)).

Construed liberally, the Complaint does appear to assert a federal claim under 18 U.S.C.A. § 1001 *et. seq.* by alleging that the misrepresentations by Jackson and the failure to investigate by the Parish of Jefferson are in violation of Chapter 47 of Title 18 of the United States Code. The law is clear, however, that Simmons does not have a private cause of action under that federal criminal statute. *See Thomas v. Abebe*, No. 20-10224, 2020 WL 6375119, at *2 (5th Cir. 2020) citing *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) ("In order for a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'") (quoting *Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)); *see also AirTrans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004) (finding "no right to bring a private action under" 18 U.S.C. § 1001). Simmons has failed to state any other facts which, if accepted as true, would allow the Court to draw a reasonable inference that Defendant, Paul D. Connick, Jr., could be liable to Plaintiff.

### B. The Parish of Jefferson is Not a Proper Party

The Parish of Jefferson Risk Management Department is not a proper party in these proceedings. The proper motion to seek dismissal of parties without procedural capacity to be sued is a Rule 12(b)(6) Motion to Dismiss. Federal Rule of Civil Procedure 17 governs the procedural capacity of a party to be sued and provides that such capacity is to be determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b). Here, Louisiana law dictates that for an entity

to have the capacity to be sued, it must qualify as either a natural person or a "juridical person," which is defined in the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

In the present case, the Parish of Jefferson argues that there is no cause of action against the Parish of Jefferson Risk Management Department, which is merely a department within the Parish of Jefferson and lacks any procedural capacity to sue or be sued, other than as a component of the Parish of Jefferson. According to the Parish of Jefferson, the Parish of Jefferson Risk Management Department is not an independent political subdivision of the State of Louisiana and does not qualify as a juridical person. Finding that this argument has merit, the claim against the Parish of Jefferson Risk Management Department is dismissed.

C.  **Plaintiff has Failed to State a Claim for Relief Against the Parish of Jefferson**

Even if Simmons had properly named the Parish of Jefferson in his Complaint, a motion to dismiss for failure to state a claim on grounds upon which relief may be granted would still be appropriate pursuant to Rule 12(b)(6) because Plaintiff's claims against the Parish of Jefferson are meritless. Plaintiff filed this Complaint seeking damages incurred from the 2013 Accident on the basis that the previous judgments denying relief were a result of misrepresentation of facts by Parish of Jefferson employee, Cornell Jackson, and/or a result of the Parish of Jefferson Risk Management Department's failure to investigate the accident. Simmons also appears to allege that it was improper for the Parish of Jefferson to be represented by Michael S. Futrell of Connick and Connick Law Firm in aforementioned suits due to the firm's association with Parish of Jefferson District Attorney Paul Connick, Jr. Even liberally construed, these indecipherable allegations are entirely devoid of factual support. *Burl v. Embrace Home Loans,* 2018 WL 999913 (E.D. La. Feb. 21, 2018). Accordingly, Simmons has failed to meet his pleading burden, and any claims against the Parish of Jefferson and

Jackson must be dismissed. *Cf. Jones v. Cameron Creek Apartments*, 24 F.3d 239, 239 (5th Cir. 1994) ("All litigants, including *pro se* litigants, must allege facts which, if true, would constitute a legally cognizable wrong.").

Plaintiff further alleges that "Risk Management Department for Parish of Jefferson third party contract practice, allowed Connick and Connick Law Firm to represent Parish of Jefferson," then refers to Exhibit B, a copy of Article V, Section 26(C) of the Louisiana Constitution. Article V, Section 26(C) states: "No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge." La. Const. Art. V, Section 26(C). Since there is no allegation that criminal prosecution or charges were brought in the trial regarding the 2013 Accident, this claim is frivolous.

Simmons' Complaint fails to state a claim for relief against the Parish of Jefferson or Jackson that is plausible on its face. In short, Simmons has not stated and cannot state a claim against the Parish of Jefferson and Jackson, and Simmons' Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV. RECOMMENDATION

Accordingly, because the motion to dismiss is unopposed, and it appears that the motion has merit,

It is therefore RECOMMENDED that the Motion to Dismiss or Alternatively Moton for Summary Judgment (Rec. Doc. No. 11) be **GRANTED** as unopposed insofar as Plaintiff's claims against Paul D. Connick, Jr. should be DISMISSED WITH PREJUDICE as frivolous pursuant to 1915 because it fails to state a claim upon which relief may be granted.

It is further **RECOMMENDED** that the Motion to Dismiss (Rec. Doc. 16) be **GRANTED** as unopposed insofar as Plaintiff's claims against Jefferson Parish Risk Management Department and

Cornell Jackson should be DISMISSED WITH PREJUDICE as frivolous pursuant to 1915 because it fails to state a claim upon which relief may be granted.

It is further **RECOMMENDED** that the pending *Ex Parte*/Consent Motion for Appointment of Counsel (Rec. Doc. No. 7) be **DENIED** as MOOT.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 3rd day of February, 2021

                              _____
                              **DANA M. DOUGLAS**
                              **UNITED STATES MAGISTRATE JUDGE**