UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-873** |
| **CORNEL JACKSON, ET AL.** | **SECTION D (3)** |

## ORDER

Before the Court is Defendant Paul Connick Jr.'s Motion to Dismiss or Alternatively Motion for Summary Judgment,[1] and Defendants' Parish of Jefferson and Cornell Jackson's Motion to Dismiss or in the Alternative, For a More Definite Statement.[2] Plaintiff did not file an opposition to either Motion. Also before the Court is Plaintiff's Request for an Attorney.[3] The Magistrate Judge has issued a Report and Recommendation, recommending the Court grant Defendants' Motions and dismiss this matter.[4] Plaintiff has filed Objections to the Report and Recommendation.[5] After a careful review of the Complaint,[6] the Motions to Dismiss,[7] the Report and Recommendation,[8] Plaintiff's Objections to the Report and Recommendation,[9] and record, and the applicable law, the Court overrules Plaintiff's

---

[1] R. Doc. 11.
[2] R. Doc. 16.
[3] R. Doc. 7.
[4] R. Doc. 19.
[5] R. Doc. 20.
[6] R. Doc. 1.
[7] R. Docs. 11 and 16.
[8] R. Doc. 19.
[9] R. Doc. 20.

objections and adopts the Report and Recommendation as its opinion in this matter, with the following additional analysis.

Even liberally construed, as here, the allegations of Plaintiff's Complaint—which are copied in full in the Report and Recommendation—fail to state a claim. Indeed, without additional context from the Motions to Dismiss, it is difficult to piece together any factual context from the Complaint at all. Nor is it clear how Plaintiff's allegations give rise to a federal claim under either statute that Plaintiff cites, 28 U.S.C. § 2403 (which allows for intervention by the United States where a constitutional question is at play), and 18 U.S.C. § 1001, *et seq.* (federal criminal statutes dealing with fraud and false statements). Plaintiff's Objections do not change this analysis. Rather, Plaintiff only cites to the federal statutes listed above, the Louisiana Constitution,[10] and reiterates the same factual claims the Magistrate Judge found deficient. Accordingly, Plaintiff's Objections are overruled.

Having determined that Plaintiff's claims should be dismissed, the Magistrate Judge recommended dismissing Plaintiff's request for an attorney as moot.[11] The Court further notes that a *pro se* plaintiff has no automatic right to counsel.[12] Unless a case presents "exceptional circumstances," a district court need to appoint counsel

---

[10] To the extent that Plaintiff sought to allege in his Complaint that he was wronged under the Louisiana State Constitution because Jefferson Parish's District Attorney worked at the same law firm that defended the parish in Plaintiff's state-court suit, Plaintiff again fails to state a claim. Louisiana's Constitution states that "No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in any *criminal* charge." La. Const. Art. V § 26(C). Plaintiff does not allege that Paul Connick Jr. appeared, plead, or in any way defended or assisted with a criminal charge.
[11] R. Doc. 19 at 9.
[12] *Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165 (5th Cir. 1990).

to represent an indigent plaintiff in a civil action.[13]  The Court finds no exceptional circumstances present here.  This matter is straightforward, and Plaintiff's request for counsel contains no argument that exceptional circumstances are present here.  Accordingly, the Magistrate Judge was correct to deny Plaintiff's Request for an Attorney.

**IT IS HEREBY ORDERED** that the Motions to Dismiss are **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, February 23, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982) (outlining factors to be considered in determining whether exceptional circumstances are present).